**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| SONORA LINTON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 3:14CV00047-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sonora Linton, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     BACKGROUND**

On April 10, 2008, Ms. Linton protectively filed for SSI benefits. Her claims were denied initially and upon reconsideration. Twice,[1] the Appeals Council remanded Ms. Linton's case. After that last remand, the Council directed the Commissioner to (1) evaluate the June 20, 2011, non-treating source opinion by Dr. Chakales and (2) discuss Ms. Linton's work after the alleged onset date. (Tr. 153-155)

An Administrative Law Judge ("ALJ") held a remand hearing on May 6, 2013, where Ms. Linton appeared with her lawyer. (Tr. 30)  At the hearing, the ALJ heard testimony from Ms. Linton and a vocational expert ("VE"). (Tr. 31-54)

The ALJ issued a decision on September 17, 2013, finding that Ms. Linton was not disabled

---

[1]April 6, 2011, and November 28, 2012.

1

under the Act.  (Tr. 10-22)  The Appeals Council denied Ms. Linton's request for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-3)

Ms. Linton, who was forty-six years old at the time of the hearing, has a GED and certification as a CNA.  (Tr. 34-35)  She has past relevant work as a salvage laborer, dishwasher, hand-packager, and companion/sitter.  (Tr. 49-50)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[2]

The ALJ found that Ms. Linton engaged in substantial gainful activity from January 2011 to December 2012, but alleged disability since October 2007.  (Tr. 11, 13)  He found that she had the following severe impairments: degenerative disc disease of the lumbar spine, lumbar spondylosis, and depression.  (Tr. 13)  However, the ALJ found that Ms. Linton did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  (Tr. 14)

The ALJ determined that Ms. Linton has the residual functional capacity ("RFC") to perform sedentary work, except that she can no more than frequently perform postural activities like bending and stooping.  She can understand, remember, and carry out three to four-step tasks and instructions.  (Tr. 15)  The VE testified that the jobs available with these limitations were order clerk, light vehicle driver, and small products final assembler.  (Tr. 52)

After considering the VE's testimony, the ALJ determined that Ms. Linton could perform a

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g).

[3]20 C.F.R. §§ 404.1502(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

significant number of jobs existing in the national economy, and found that Ms. Linton was not disabled.

## III. ANALYSIS

### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[4] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[5]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[6]

### B. Ms. Linton's Arguments for Reversal

Ms. Linton asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Ms. Linton contends that the ALJ erred (1) in his RFC finding, and (2) by considering her work during the alleged disability period. (Doc. No. 11)

#### 1. RFC Finding

Ms. Linton contends that the ALJ erred in the RFC finding of sedentary work because she is unable to "engage in the prolonged sitting required for sedentary work." (Doc. No. 11) She relies on Dr. Chakales's assessment that limited her sitting to two hours a day, and points out that his assessment was supported by a September 15, 2010, MRI and a February 2011 physical exam by Dr.

---

[4] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[5] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[6] *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Savu.

The ALJ specifically addressed Dr. Chakales's assessment and gave it only "some weight." (Tr. 19) He diminished the weight of the assessment because of inconsistencies. Namely, it placed environmental restrictions on Ms. Linton when there was no evidence in the record that she had impairments related to such a restriction. He also pointed out that Dr. Chakales indicated that Ms. Linton would be unable to sit for long periods, but there was no evidence of sciatic pain, positive straight leg raises, or any other nerve problems related to prolonged sitting. (Tr. 19)

Ms. Linton's own testimony is also contrary to Dr. Chakales's significant sitting limitation. When asked what limited her ability to work, Ms. Linton testified, "The long standing periods and <u>sometimes</u> the sitting periods." (Tr. 43, emphasis added) She also indicated that sitting with hot towels eases the pain and swelling in her back, and that on her days off she sits around and watches TV. (Tr. 44, 46) In 2010, she testified that she could probably sit up to two hours straight before needing to move around. (Tr. 74)

The Court is sympathetic to Plaintiff's claims. Clearly, Ms. Linton suffers from pain and limitation. But her testimony along with the objective medical records that the ALJ relied upon supports the conclusion that Ms. Linton was capable of sitting more than two hours in an eight-hour work day, and therefore able to perform sedentary work.

2.     Work During Disability Period

Ms. Linton argues that the ALJ erred by considering the fact that she engaged in substantial gainful activity in 2011, 2012, and 2013. She points out that she should not be penalized for trying to work and that it "shows that she has the desire, but not the sustained ability, to work." (Doc. No. 11) Ms. Linton is to be credited for seeking gainful employment and should not be penalized for doing her best to provide for herself and family. But, after careful review of the complete record,

4

the Court concludes that the ALJ properly considered Ms. Linton's work when weighing the credibility of the severity of her alleged impairments.[7] It is relevant to the ALJ's credibility assessment that, while claiming she was disabled at the hearing, Ms. Linton had been working just the month before. Furthermore, Ms. Linton testified that the lifting from her past work is what has "put a toll on her," not the hours. (Tr. 41) When asked why she left her last job, she testified that she just could not do the lifting and standing. (Tr. 42) With this in mind, along with the evidence as a whole, the ALJ properly determined that Ms. Linton could perform sedentary work.

## IV.  CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Ms. Linton's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 10th day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[7]*Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (finding that when a claimant works during the relevant time period it "undercut[s] her complaints that she is unable to perform any work").